Pak & Whang LLC
Byongchae Pak (BP-2387)
Mitchell B. Nisonoff, of counsel (MN-1114)
2011 Lemoine Avenue, Suite 205
Fort Lee, NJ 07024
(201) 461-3782

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

H.S.W. ENTERPRISES, INC.,                     08 CIV 8476
                                              Judge Assigned: Sand (LBS)
                  Plaintiff,

         -against-

WOO LAE OAK, INC., individually and
d/b/a WOO LAE OAK SOHO and
WOO LAE OAK BEVERLY HILLS,
WOO LAE OAK 50 INC., individually
and d/b/a BANN RESTAURANT, and
YOUNG SOOK CHOI,

                  Defendants.

--------------------------------------------------------X

**MEMORANDUM OF LAW
IN SUPPORT OF PAK & WHANG LLC'S MOTION TO BE RELIEVED AS COUNSEL
TO DEFENDANTS AND TO FILE PROPOSED AFFIDAVIT OF BYONGCHAE PAK,
ESQ., UNDER SEAL AND
IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON ITS
SECOND COUNT**

Pak & Whang LLC ("P&W") respectfully submit this Memorandum of Law: (1) in support of its own motion to be relieved as counsel to Defendants and to file the proposed Affidavit of Byongchae Pak under seal; and 2) in opposition to plaintiff's pending motion for partial judgment on its second count.

## PRELIMINARY STATEMENT

Plaintiff H.S.W. Enterprises, Inc. ("plaintiff" or "HSW")'s complaint contains five counts:1) Defendants infringed its purported "Woo Lae Oak" service mark ("WLO Mark"); 2) defendant Woo Lae Oak, Inc. ("WLO") breached a certain "trademark license agreement" between HSW and WLO by failing to pay $300,000.00 in license fee, royalties in an unknown amount, late fees at the rate of $300.00 per day, together with attorneys' fees; 3) unjust enrichment against Defendants; 4) accounting against Defendants; and 5) restitution against Defendants.

WLO, in turn, filed counterclaims for declaratory judgment of non-infringement and invalidity, breach of contract, unjust enrichment, rescission, and unfair and deceptive business practice.

Plaintiff moved for a partial summary judgment on its second count relating to WLO's failure to make license fee payments under the "trademark license agreement" and Defendants cross-moved for declaration of non-infringement of the WLO Mark, rescission of the "trademark license agreement" and damages, and dismissal of the claims against individual defendant Young Sook Choi ("Ms. Choi").

On December 15, 2009, this Court issued a <u>Memorandum and Order</u> granting plaintiff's partial summary judgment motion and denying Defendants' partial summary judgment motion

only to the extent that "WLO is estopped from challenging HSW's ownership of the mark pursuant to the doctrine of licensee estoppel" (Docket No. 58). The Court also granted Defendants' partial summary judgment motion insofar as piercing the corporate veil against Ms. Choi is inappropriate in this case.

Now, plaintiff has moved, pursuant to Federal Rule of Civil Procedure Rule 54(b), for a partial judgment on the second count of the plaintiff's complaint, i.e. WLO's breach of the "trademark license agreement," and Pak & Whang, LLC ("P&W") moves, pursuant to Local Civil Rule 1.4, for an order granting it to be relieved as counsel to Defendants and granting it leave to file the proposed Affidavit of Byongchae Pak ("Affidavit") under seal and denying plaintiff's motion for partial judgment on its second count.

For the reasons discussed below, we respectfully submit that the Court should grant P&W's motion to be relieved as counsel of record to Defendants and to file the proposed Affidavit under seal and deny plaintiff's motion for partial judgment pursuant to Federal Rule of Civil Procedure Rule 54(b).

## ARGUMENT

### I
### WITHDRAWAL IS PROPER IN THIS CASE DUE TO DEFENDANTS' FAILURE TO PAY LEGAL BILLS.

Local Civil Rule 1.4, "Withdrawal or Displacement of Attoreny of Record," provides as follows:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

2

It is well settled under Local Civil Rule 1.4 that a client's failures to pay legal fees constitute "satisfactory reasons" for withdrawal as counsel. *See Century Jets Aviation v. Alchemist Jet Air*, No. 08 Civ. 9892, 2009 U.S. Dist. LEXIS 109375, at 5-6 (S.D.N.Y. Nov. 23, 2009); *Melnick v. Press*, No. 06 Civ. 6686, 2009 U.S. Dist. LEXIS 77609, at 10 (E.D.N.Y. Aug. 28, 2009) ("[I]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to *Local Civil Rule 1.4*."); *Centrifugal Force, Inc. v. SoftNet Commc'n, Inc.*, No. 08 Civ. 5463, 2009 U.S. Dist. LEXIS 35223, at 4-5 (S.D.N.Y. Apr. 6, 2009) ("Attorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period is widely recogniazed as grounds for leave to withdraw."); *HCC, Inc. v. R G & M Mach. Co.*, No. 96 Civ. 4920, 1998 U.S. Dist. LEXIS 10977, 1998 WL 411313, at 1 (S.D.N.Y. July 20, 1998) ("It is well-settled that non-payment of fees is a valid basis for granting counsel's mtion to withdraw."); *see also N.Y. R. of Prof'l Conduct 1.16(c)* ("[A] lawyer may withdraw from representing a client when: . . . the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees.").

The proposed Affidavit sets forth in detail Defendants' failure to pay outstanding legal fees owed to P&W and P&W's efforts to address the legal fee matter to avoid the need to file this Motion. In order not to potentially prejudice Defendants, P&W refrains in the instant filing from setting forth those details and relies on the Court to order that the proposed Affidavit be filed under seal, with a copy to be served on Defendants, for the Court's review *in camera* so that the Court can satisfy itself that such failures constitute "satisfactory reasons" in the instant context.

Local Civil Rule 1.4 also directs the Court to consider "the posture of the case, including the position, if any, on the calendar." In other words, in addressing motions to withdraw as counsel, district courts have typically considered whether "the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel." *Brown v. National Survival Games, Inc.*, 1994 WL 660533, at 3 (N.D.N.Y. Nov. 18, 1994) (finding that because [discovery] is not complete and the case is not presently scheduled for trial . . . granting the instant motion will not likely cause undue delay").

In this case, a joint report of counsel and discovery plan was filed on June 24, 2009 (Docket No. 24) and subsequently, a stipulation amending discovery plan was filed on September 29, 2009 (Docket No. 44). Pursuant to the plan and stipulation, all discovery deadlines have passed and substantial discovery was made. However, the discovery related to the validity of plaintiff's trademark was specifically suspended until the issue of licensee estoppel was resolved and for unknown reasons, plaintiff has not proceeded with its discovery related to its trademark infringement and related causes of action. Should the parties wish to continue with additional discovery with the Court's approval, P&W respectfully submits that such extension of time for discovery was not necessitated by P&W's withdrawal and the parties may do so without significant delay. Furthermore, P&W hereby opposes plaintiff's motion for partial judgment, the only open motion on the calendar, to prevent any disruption of the prosecution of the suit caused by P&W's withdrawal. Accordingly, Defendants will not be unduly prejudiced by retaining new counsel to complete the next phase of the subject litigation.

If P&W is permitted to withdraw, P&W respectfully requests that the Court allow Defendants 30 days to enter the appearance of successor counsel. *See HCC, Inc. v. R H & M*

4

*Machine Co.*, 1993 U.S. Dist. LEXIS 10977 (S.D.N.Y. 1998) (withdrawal granted and defendant was granted 30 days to select successor counsel). Once Defendants have selected such counsel, P&W will work with successor counsel, without cost to Defendants, to transfer all files to successor counsel and to assist successor counsel to become knowledgeable about the case.

Accordingly, P&W has shown sufficient grounds for withdrawal.

II

**THE SUPPORTING AFFIDAVIT SHOULD BE FILED UNDER SEAL.**

Because the proposed Affidavit pertains exclusively to the legal fee matter, case law supports it being filed under seal and not being provided to plaintiff in order to avoid potential prejudice to Defendants. *E.g., Team Obsolete, Ltd. v. A.H.R.M.A., Ltd.* 464 F. Supp. 164, 164-65 *(E.D.N.Y. 2006).* The Team Obsolete court stated that "a review of the relevant case law demonstrates that documents in support of motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel, and that this method is viewed favorable by the courts." *Id.* (citing *Weinberger v. Provident Life & Cas. Ins. Co., No. 97-cv-9262, 1998 U.S. Dist. LEXIS 19859) (S.D.N.Y. 1998)).*

When the Court reviews the proposed Affidavit *in camera*, it will see that the Affidavit contains only confidential information about the fee matter and thus "does not implicate the plaintiff's interests in this litigation. *Id.; see also Harrison Conference Services, Inc. v. Dolce Conference Services, Inc., 806 F. Supp. 23, 25-26 (E.D.N.Y. 1992)* (fee dispute documents were properly submitted *in camera* and defendants had no interest in the outcome of the dispute and thus were "not entitled to a more complete description of this dispute, or a briefing schedule

5

which will permit them to respond further."). Thus, the Court should allow the filing of the proposed Affidavit under seal, with a copy to be served on Defendants Woo Lae Oak, Inc., Woo Lae Oak 50 Inc. and Young Sook Choi.

For all the foregoing reasons, including the matters set forth in the proposed Affidavit, P&W respectfully urges that it be permitted to file the proposed Affidavit under seal and that upon review of the Affidavit, the Court grant the Motion of P&W to withdraw as counsel for the Defendants in this matter.

## III
### PLAINTIFF'S 54(b) MOTION FOR PARTIAL JUDGMENT SHOULD BE DENIED IN THE INTEREST OF SOUND ADMINISTRATION OF JUSTICE.

When a district court has resolved at least one but fewer than all of the claims in an action, Rule 54(b) permits the court to direct the entry of a final judgment "only upon an express determination that there is no just reason for delay." Fed. R. Civ. P. 54(b). To obtain a final judgment under the Rule, therefore, "(1) multiple claims or multiple parties must be present, (2) at least one claim or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. Section 1291, and (3) the district court must make 'an express determination that there is no just reason for delay' and expressly direct the clerk to enter judgment." *Ginett v. Comp. Task Group, 962 F.2d 1085, 1091-92 (2d Cir. 1992)*. Most importantly, however, the Second Circuit in Ginett case found that "[t]he proper guiding star, as the Supreme Court has emphasized, is the interest of sound judicial administration . . . . We should avoid the possibility that the ultimate dispositions of the claims remaining in the district

6

court could either moot our decision on the appealed claim or require us to decide issues twice." *Id. at 1095.*

Additionally, entry of final judgment under Rule 54(b) is not to be done lightly or routinely. "The power which this Rule confers upon the trial judge should be used only 'in the infrequent harsh case' . . . . This view reflects a more general policy disfavoring piecemeal appeals . . . . To prevent the "waste and futility" generated by piecemeal appeals . . . 'there must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Brunswick Corp. v. Sherwood Medical Industries,* 582 F. 2d 175, 183 (2d Cir. 1978).

Defendants would argue that entry of final judgment under Rule 54(b) is inappropriate at this time for two reasons. First, plaintiff is yet to prove its counts I, III, IV and V, which include a trademark infringement cause of action. A plaintiff alleging a trademark infringement must show such infringement through the well known Polaroid factors. These factors include, among others, the strength of the plaintiff's mark and likelihood of confusion. Many of these factors are inextricably related to plaintiff's second count of breach of contract and Defendants' counterclaim of declaration of non-infringement based on naked licensing and ensuing harm to the public defense and Defendants' unfair and deceptive business practice counterclaim. Should Defendants decide to appeal this Court's decision regarding the breach of contract issue, having the discovery related to the strength of the plaintiff's mark and likelihood of confusion and having the remaining issues of trademark infringement and related causes of action decided will obviate its and the courts' need to revisit the same and similar issues. Furthermore, as pointed out above, the parties have already engaged in extensive discovery. If the court were to follow the course urged by plaintiff, a trial on those claims would be delayed until the resolution of the

7

instant motion and following appeal by Defendants-a process that could take many months. As such, in the interest of sound judicial administration and to prevent the waste and futility generated by piecemeal appeals, parties should try the claims that remain in this action before proceeding to the Second Circuit.

Secondly, Plaintiff does not present any facts as to it will likely suffer severe hardship from the entry of judgment at the end of the trial. Under the facts of this case, failure to direct entry of a partial final judgment will not significantly delay plaintiff's recovery in this case.

## CONCLUSION

Based on the foregoing, we respectfully request that the Court grant Pak & Whang LLC's motion to be relieved as counsel to Defendants and to file the proposed Affidavit of Byongchae Pak under seal and deny plaintiff's pending motion for partial judgment on its second count.

Dated:  New York, New York
        March 1, 2010

PAK & WHANG LLC

By: Byongchae Pak (BP-2387)
Attorneys for Defendants
Woo Lae Oak, Inc., Woo Lae Oak 50, Inc. and Young Sook Choi
Office and P.O. Box Address
2011 Lemoine Avenue, Suite 205
Fort Lee, NJ 07024
(201) 461-3782

16 West 32nd Street, Suite 705
New York, NY 10001
(By Appointment Only)

Of Counsel:
Mitchell B Nisonoff (MN-1114)