UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HSW ENTERPRISES, INC.,

                Plaintiff,

          v.

WOO LAE OAK, INC., individually and
d/b/a WOO LAE OAK SOHO and WOO LAE OAK
BEVERLY HILLS, WOO LAE OAK 50, INC.,
individually and d/b/a BANN RESTAURANT, and
YOUNG SOOK CHOI,

                Defendants.

08 Civ. 8476 (LBS)

**MEMORANDUM
& ORDER**

---

SAND, J.

On October 6, 2008, Plaintiff brought a complaint raising five causes of action for breach of a trademark licensing agreement, trademark infringement, and associated claims. On December 14, 2009, we granted Plaintiff partial summary judgment on its second cause of action for breach of contract; familiarity with that memorandum and order is assumed. *See HSW Enters., Inc. v. Woo Lae Oak, Inc.*, No. 08 Civ. 8476 (LBS), 2009 WL 4823920 (S.D.N.Y. Dec. 14, 2009). Plaintiff now moves for entry of final judgment on the breach of contract claim pursuant to Federal Rule of Civil Procedure Rule 54(b). Also before the Court is Pak & Whang, LLC's motion to be relieved as counsel to Defendants. For the following reasons, we grant Plaintiff's 54(b) motion and grant Pak & Whang, LLC's motion to be relieved as counsel.

**I.     Plaintiff's 54(b) Motion**

"Under Rule 54(b), the Court may certify a final judgment where: (1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been determined; and (3) the court expressly determines that there is no just

reason for delay." *Sea Trade Co. Ltd. v. FleetBoston Fin. Corp.*, No. 03 Civ. 10254 (JFK), 2009 WL 4667102, at *2 (S.D.N.Y. Dec. 9, 2009) (*citing* FED. R. CIV. P. 54(b); *Transp. Workers Union of Am., Local 100 v. N.Y. City Transit Auth.,* 505 F.3d 226, 230 (2d Cir. 2007)).  However, the power to certify a judgment as final should be "exercised sparingly," and "only if there are interests of sound judicial administration and efficiency to be served, or in the infrequent harsh case where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991) (internal citations and quotation marks omitted).

      The first two 54(b) prerequisites are met: this action involves multiple claims, and the breach of contract claim has been determined.  "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945).  A "final decision may be entered if only 'ministerial proceedings' remain [and] an award can be executed after a simple arithmetic calculation or . . . there remains only some other mechanical task to be performed." *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996).  The damages for Plaintiff's breach of contract claim have been fixed—Plaintiff seeks the remaining license payments and the contractual late payment fee of $300 per day calculated from October 5, 2007, the date of the first missed payment.  (Pl's. Mem. Supp. Mot. Certification 5-6.)  While Plaintiff brings an additional claim for unjust enrichment due to unauthorized use of its mark, that claim is distinct from the breach of contract claim, which has been determined.

"The key inquiry" in deciding a 54(b) motion "relates to the third requirement, which is that there be no just reason for delay. . . . This determination is left to the Court's discretion[,] . . . provided that [the certified claims] are not 'inherently inseparable from' or 'inextricably interrelated to' other claims remaining in the suit. *S.E.C. v. Aragon Capital Mgmt., LLC*, 672 F. Supp. 2d 421, 453 (S.D.N.Y. 2009) (*quoting Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085, 1092, 1096 (2d Cir.1992)). A claim is "inherently inseparable from" or "inextricably interrelated to" the remaining claims when "the resolution of the remaining claims could conceivably affect an appellate court's decision of the claim[] on appeal," *In re Blech Secs. Litig.,* No. 94 Civ. 7696 (RWS), 1997 WL 20833, at *2 (S.D.N.Y. Jan. 21, 1997) (internal quotation marks and citations omitted), or the "district court's disposition of one or more of the remaining claims could render [the appellate court's] opinion advisory or moot." *Ginett,* 962 F.2d at 1095.

Defendants argue that the breach of contract claim is "inextricably intertwined" with the remaining trademark infringement claims because their naked licensing doctrine counterclaim and the trademark infringement claims both depend on such issues as the "strength of the [P]laintiff's mark and likelihood of confusion." (Def's. Mem. Opp. Pl's. Mot. Certification 7.) However, we did not reach the merits of Defendants' naked licensing doctrine counterclaim, and granted Plaintiff summary judgment based only on licensee estoppel. The doctrine of licensee estoppel requires a court to pass on the potential public interest served by the allegations underlying the estopped naked licensing counterclaim, and does not require a court to render a ruling on the merits of the underlying counterclaim itself. *See Idaho Potato Comm'n v. M & M Produce Farm &*

*Sales*, 335 F.3d 130, 132 (2d Cir. 2003) (reversing licensee estoppel holding due to material public interest implicated by licensee's allegations and stating, "We express no view as to whether on remand [the defendant] will be able to prove its counterclaims for cancellation of the marks.  We hold only that [the defendant] is not estopped from making and attempting to prove such claims in the first instance."); *HSW Enters.*, 2009 WL 4823920, at *3 ("[T]he public interest served by WLO's naked licensing challenge is the prevention of the restaurant-going public from being misled into believing that [the products offered by Plaintiff's and Defendants' restaurants are of] similar quality and character . . . in the alleged absence of adequate quality control by HSW.").

   If we were to certify the judgment as final, Defendants were to appeal that judgment, and the Court of Appeals for the Second Circuit were to reverse our licensee estoppel ruling, it would surely remand for consideration of the estopped claim because the merits were never addressed.  *See Idaho Potato Comm'n*, 335 F.3d at 139 (reversing district court's order holding licensee defendant's counterclaims estopped and remanding for "consideration of those claims on the merits").  As such, even assuming *arguendo* that the issues underlying the naked licensing and patent infringement claims are interrelated, the Court of Appeals would not have to address the same issues twice.  Rather, the Court of Appeals would only potentially address those issues once in a subsequent combined appeal of a ruling on the merits of the naked licensing counterclaim and the patent infringement claims.

   Whatever the potential similarity between the naked licensing issues and the trademark infringement issues, our prior licensee estoppel holding is distinct from both sets of issues in that it considered the public interest implicated by the allegations rather

than the merits of the allegations themselves.  Accordingly, our consideration of the remaining claims will neither shed any substantial light on potential appellate consideration of our naked licensing holding nor moot a potential appellate ruling on that issue.  Therefore, we may consider whether it is appropriate to exercise our discretion to certify pursuant to 54(b).  *See Ginett,* 962 F.2d at 1096 ("When the claims are 'separable' or 'extricable' from each other, there is generally no reason to disturb the district court's exercise of its discretion [under Rule 54(b).]  Once we are satisfied that the claims are extricable from one another, we give the district court's discretionary judgment substantial deference, for that court is the one most likely to be familiar with the case and with any justifiable reasons for delay.") (citation and internal quotation marks omitted).

      The Court finds that 54(b) certification is appropriate in the instant case because "there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal."  *Harriscom Svenska AB*, 947 F.2d at 629 (internal citations and quotation marks omitted).  As discussed below, Defendants' counsel seeks to withdraw on the basis that that Defendants have ceased paying their legal bills.  Furthermore, Plaintiff alleges that Defendants have threatened to file for bankruptcy.  (Pl's. Reply Mem. Supp. Mot. Certification 4) ("[I]n recent conversations Defendants['] counsel has represented that bankruptcy is an option that Defendants are considering.").  There is thus a material risk that a delay in the entry of final judgment may impair Plaintiff's ability to collect a judgment from Defendants.  Such a risk has been found to militate in favor of certification.  *See Curtiss-Wright Corp. v. General Elec. Co.,* 446 U.S. 1, 12 (1980) ("[I]f [a defendant's] financial position were such that a delay in entry of judgment . . . would impair [a plaintiff's] ability to collect on the judgment, that would

5

weigh in favor of certification [under Rule 54(b).]"); *Aragon Capital Mgmt.*, 672 F. Supp. 2d at 454 ("[U]nless a final judgment is certified [under Rule 54(b)], there is a risk that the Defendants will be able to continue dissipating their assets, thereby reducing the likelihood that the full amount of the judgment will be satisfied."); *Pereira v. Cogan*, 275 B.R. 472, 474 (S.D.N.Y. 2002) ("Courts have frequently found no just reason for delay, and entered a Rule 54(b) judgment, when the judgment debtor is insolvent or may become insolvent before the conclusion of judicial proceedings.") (collecting cases).

Accordingly, the Court finds that there is no just reason for delay, and grants Plaintiff's motion to certify a final judgment as to the breach of contract claim pursuant to Rule 54(b).

## II.     Pak & Whang, LLC's Motion to be Relieved as Counsel to Defendants

Pak & Whang, LLC ("P&W") move to be relieved as counsel to Defendants due to Defendants' failure to pay legal fees and expenses; Plaintiff does not object. Local Civil Rule 1.4 provides that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

LOCAL CIV. R. 1.4. "It is well-settled that non-payment of counsel fees is a proper basis for withdrawal." *Century Jets Aviation, LLC v. Alchemist Jet Air, LLC*, Nos. 08 Civ. 9892 (PKL) (KNF), 09 Civ. 7659 (PKL) (KNF), 2009 WL 4035642, at *2 (S.D.N.Y. Nov. 23, 2009) (*citing Melnick v. Press*, No. 06 Civ. 6686 (JFB) (ARL), 2009 WL

6

2824586, at *10 (E.D.N.Y. Aug. 28, 2009) ("[I]t is well-settled in the Eastern and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a motion to withdraw pursuant to Local Civil Rule 1.4."); *Centrifugal Force, Inc. v. SoftNet Commc'n, Inc.*, No. 08 Civ. 5463 (CM) (GWG), 2009 WL 969925, at *4-5 (S.D.N.Y. Apr. 6, 2009) ("Attorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw."); *HCC, Inc. v. R G & M Mach. Co.*, No. 96 Civ. 4920, 1998 WL 411313 (PKL), at *1 (S.D.N.Y. July 20, 1998) ("It is well-settled that nonpayment of fees is a valid basis for granting counsel's motion to withdraw."); N.Y. R. OF PROF'L CONDUCT 1.16(c) ("[A] lawyer may withdraw from representing a client when . . . the client deliberately disregards an agreement or obligation to the lawyer as to expenses or fees.")).

  The Court is satisfied with P&W's proffered grounds for withdrawal.  P&W has submitted an affidavit under seal along with the supporting billing documentation showing that Defendants have failed to pay the majority of the substantial legal fees and expenses incurred in the course of this litigation.  (Pak Aff. Mar. 1, 2010 at ¶¶ 3-4.) P&W alleges that it has made "repeated demands for payment" over the course of several months and that "Defendants have deliberately disregarded their financial obligations to P & W."  (Pak Aff. Mar. 1, 2010 at ¶ 5.)  P&W further alleges that "Defendants had notice of counsel's intention to withdraw and Defendants have expressed their indifference to the firm's withdrawal."  (Pak Aff. Mar. 1, 2010 at ¶ 8.)

  The Court is also satisfied with P&W's representation that its withdrawal will "result in no prejudice to defendants or delay the litigation itself . . . ."  (Pak Aff. Mar. 1,

7

2010 at ¶ 8 .)  P&W agreed to represent Defendants through the conclusion of Plaintiff's Rule 54(b) motion, and fully briefed the motion.  This was the only other open motion on the calendar.  Furthermore, the discovery deadlines for most of the claims have already passed and substantial discovery was made.  Defendants have also had sufficient notice of counsel's intent to withdraw and have expressed indifference to that potentiality.  Lastly, P&W has represented that it will "work with successor counsel, without cost to Defendants, to transfer all files to successor counsel and to assist successor counsel to become knowledgeable about this case."  (P&W's Mem. Supp. Mot. Withdraw 5.)

   Accordingly, P&W's motion for leave to withdraw as counsel for Defendants is granted.  Plaintiff is to obtain substitute counsel within thirty (30) days of this memorandum and order.  *See, e.g.*, *Century Jets Aviation*, 2009 WL 4035642, at \*3 (granting thirty days for corporation to obtain replacement counsel).  Because "a corporation may appear in the federal courts only through licensed counsel," *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201-02 (1993), the corporate Defendants are hereby notified that they will be subject to the entry of a default judgment should they fail to obtain replacement counsel.  Once retained, Defendants' substitute counsel should promptly file a notice of appearance before this Court.  The Court emphasizes that it expects P&W to scrupulously adhere to its promise to this Court that it will assist replacement counsel to adequately assume representation of Defendants.

### III. Conclusion

   For the foregoing reasons, we grant Plaintiff's motion pursuant to Federal Rule of Civil Procedure 54(b) for certification of a final judgment as to its breach of contract claim, and we grant P&W's motion for leave to withdraw as counsel to Defendants.

Defendants are to obtain replacement counsel within thirty (30) days of this order; failure to do so will result in an entry of a judgment of default against the corporate Defendants. Replacement counsel must promptly file a notice of appearance.

P&W is hereby ordered to give Defendants two copies of this memorandum and order as soon as possible. P&W is also ordered to submit a letter to the Court within seven (7) days of this order providing Defendants' mailing address(es) and confirmation that P&W has given the Defendants copies of this order.

Within thirty-five (35) days of this order, Plaintiff is to submit a status letter to the Court.

SO ORDERED.

Dated: April 21, 2010
New York, NY

U.S.D.J.